UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST AND CHESTER COUNTY RETIREMENT BOARD, individually and on behalf of all others similarly situated, <br><br>                      Plaintiffs, <br><br>      v. <br><br>JPMORGAN CHASE BANK, N.A., <br><br>                    Defendant. | Civil Action No. 1:15-cv-09188-VEC |

**BRIEF IN SUPPORT OF  JPMORGAN CHASE BANK, N.A.'S
MOTION TO (1) DISMISS THE AMENDED CLASS ACTION COMPLAINT AND (2)
TO DISMISS AND/OR STAY ALL CLAIMS RELATING TO THE CHUNGWHA
<u>DEPOSIT AGREEMENT IN FAVOR OR ARBITRATION</u>**

# TABLE OF CONTENTS

Page

I. Preliminary Statement ........................................................................................1

II. Relevant New Facts..........................................................................................2

III. Argument .......................................................................................................3

    A.    Chester County's Claims Predating November 21, 2012 Are Barred by
            Pennsylvania's Four Year Statute of Limitations.......................................3

          1.    Chester County's Claims Do Not Relate Back to the Original
                 Complaint Filed in this Court ..........................................................5

          2.    Class Action Tolling Is Inapplicable..............................................9

    B.    Application of the Opinion to the Amended Complaint.......................................11

          1.    Claims Dismissed in the Opinion Should Again Be Dismissed ...............11

          2.    Arguments Raised By JPM and Rejected in the Opinion .........................11

IV. Conclusion .....................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*American Pipe & Construction Co. v. Utah*,
  414 U.S. 538 (1974)................................................................................................9

*Baselice v. Franciscan Friars Assumption BVM Province, Inc.*,
  879 A.2d 270 (Pa. Super. Ct. 2005) ......................................................................4

*Beach v. Citigroup Alternative Investments LLC*,
  No. 12 Civ. 7717(PKC), 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ................8

*Casey v. Merck & Co.*,
  653 F.3d 95 (2d Cir. 2011)......................................................................................9

*Charlot v. Ecolab, Inc.*,
  97 F. Supp. 3d 40 (E.D.N.Y. 2014) ..............................................................7, 8, 9

*Cunningham v. Insurance Co. of North America*,
  530 A.2d 407 (1987) ..............................................................................................10

*Dial Corp. v. News Corp.*,
  No. 13 Civ. 6802, 2016 WL 690895 (S.D.N.Y. Feb. 9, 2016) ............................7

*Germinaro v. Fidelity National Title Insurance Co.*,
  107 F. Supp. 3d 439 (W.D. Pa. 2015)..................................................................10

*Levy v. U.S. General. Accounting Office*,
  175 F. 3d 254 (2d Cir. 1999).................................................................................7

*Global Finance Corp. v. Triarc Corp.*,
  93 N.Y.2d 525 (1999) .............................................................................................3

*Kincy v. Petro*,
  2 A.3d 490 (Pa. 2010) ............................................................................................7

*In re LIBOR-Based Financial Instruments Antitrust Litigation*,
  No. 11 MDL 2262 NRB, 2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015) ...........10

*In re Magnum Hunter Resources Corp. Securities Litigation*,
  616 F. App'x 442 (2d Cir. 2015).............................................................................6

*Merryman v. JPMorgan Chase Bank, N.A.*,
  No. 5:15-cv-5100, 2015 WL 7308666 (W.D. Ark. Nov. 19, 2015) .....................5

*Merryman v. JPMorgan Chase Bank, N.A.*,
    No. 15 Civ. 9188(VEC), 2016 WL 5477776 (S.D.N.Y. Sept. 29, 2016) ................. passim

*Police & Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*,
    721 F. 3d 95 (2d Cir. 2013)........................................................................................6, 9

*Ravitch v. Pricewaterhouse*,
    793 A.2d 939 (Pa. Super. Ct. 2002) .........................................................................10

*Steiner v. Markel*,
    968 A.2d 1253 (2009) .................................................................................................4

*Urland ex rel. Urland v. Merrell-Dow Pharmaceuticals, Inc.*,
    822 F.2d 1268 (3d Cir. 1987).....................................................................................4

*Wilder v. News Corp.*,
    No. 11 Civ. 4947(PGG), 2015 WL 5853763 (S.D.N.Y. Oct. 6, 2015).............................7

## STATUTES

N.Y. C.P.L.R. 202 (McKinney 2003) .................................................................................3

Pa. Stat. and Cons. Stat. Ann. § 5525(a) (West 2004) ....................................................4

N.Y. C.P.L.R. 213(2) (McKinney Supp. 2016) ................................................................4

Fed. R. Civ. P. 15(c)(1) ................................................................................................7, 8

JPMorgan Chase Bank, N.A. ("JPM") respectfully submits this memorandum of law in support of its motion to dismiss plaintiffs' [Corrected] Amended Class Action Complaint (ECF No. 55) (the "Amended Complaint").

## I.
## PRELIMINARY STATEMENT

The parties have consensually addressed how to proceed with respect to the Amended Complaint, with the exception of a discrete legal issue concerning the statute of limitations applicable to the claims asserted by the newly-added plaintiff, Chester County Employees Retirement Fund ("Chester County"). This short motion seeks resolution of this issue and also includes the arguments previously advanced in connection with the motion to dismiss the original complaint to preserve appellate rights.[1] The Court already has written an extensive opinion in response to the motion to dismiss the original complaint dated September 29, 2016 (ECF No. 35) (the "Opinion"),[2] and therefore JPM simply incorporates its memorandum of law in support of its original motion to dismiss (ECF No. 20) and its reply memorandum of law in further support of its original motion to dismiss (ECF No. 26) by reference, not wishing to burden the Court further.

As to the statute of limitations issue, JPM contends that Chester County's claims predating November 21, 2012 are barred by Pennsylvania's four-year statute of limitations. Chester County, however, apparently contends that it is entitled to assert claims going back to

---

[1] Because the Amended Complaint reasserts all claims that were dismissed in the Opinion, JPM reasserts here the grounds in favor of dismissal of the original complaint to avoid ambiguity and to preserve appellate rights. JPM recognizes the doctrine of law of the case and that the Court will not revisit the conclusions reached in the Opinion. JPM therefore requests that the Court dismiss the same claims that were dismissed in the Opinion. JPM likewise reasserts the arguments that were rejected in the Opinion. We understand that plaintiffs intend to take the same position, except for those issues that are subject to the already pending motion for reconsideration and, of course, the specific statute of limitations issue that this motion raises for the first time.

[2] *Merryman v. J.P. Morgan Chase Bank, N.A.*, No. 15 Civ. 9188(VEC), 2016 WL 5477776 (S.D.N.Y. Sept. 29, 2016) (Caproni, J.).

May 1, 2011, seeking to tether its limitations period to the date a complaint against JPM was filed in the United States District Court for the Western District of Arkansas.  Chester County was not a named party to this action before November 21, 2016 (the date on which the Amended Complaint was initially filed), and it was not a named party in the prior putative class action filed in Arkansas.  We understand, however, that Chester County will contend that its claims "relate back" to the filing of the original complaint in this Court and that the filing of the Arkansas action tolled the running of the statute of limitations as to its claims.  Chester County is wrong on all counts.  First, "relation back" does not operate here, where the original plaintiffs lack standing to assert the claims Chester County now seeks to assert, particularly where there was no mistake in identity.  Indeed, to allow plaintiffs to relate their claims back in these circumstances would render it impossible to defend against overbroad putative class actions; plaintiffs simply could "plug the gap" in their complaints by adding named plaintiffs to cure deficiencies along the way.  Second, Pennsylvania law (which governs this issue) does not recognize class action tolling where the original action was filed outside of Pennsylvania, as was the case here.  Separately, Pennsylvania does not recognize class action tolling where the original plaintiffs lacked standing to assert the new claims, as also is the case here.  Accordingly, the applicable statute of limitations was triggered on the date on which Chester County first asserted claims against JPM (November 21, 2016) and any claims asserted by Chester County predating November 21, 2012 (four years earlier) are untimely and should be dismissed.

## II.
## RELEVANT NEW FACTS

The Opinion concluded that the plaintiffs did not have standing to represent a class of holders of ADRs which the plaintiffs did not own.  *See* Opinion at 26-30.  In an attempt to expand the putative class of holders sought to be represented, plaintiffs filed an amended

2

complaint (ECF No. 50) on November 21, 2016 adding Chester County (a Pennsylvania

resident) as a plaintiff because it allegedly held 41 different ADRs during the putative class

period.  (Am. Compl. ¶ 18.)  On November 28, 2016, with the Court's permission, plaintiffs filed

a corrected amended complaint (ECF No. 55), now the operative Amended Complaint.

## III.
## ARGUMENT

### A.   Chester County's Claims Predating November 21, 2012 Are Barred by Pennsylvania's Four Year Statute of Limitations

The parties largely agree on the application of the statute of limitations to Chester

County's claims, except for the date from which the applicable four-year statute of limitations

should be measured.  JPM contends that Chester County's claims arising prior to November 21,

2012 – four years before Chester County first asserted claims against JPM – should be dismissed

as untimely.  Chester County apparently contends that its claims "relate back" to the

commencement of this action, and/or that its claims were tolled by the filing of the Arkansas

federal action.  Chester County is wrong on both counts.

As the Court already has held, pursuant to New York's borrowing statute, N.Y.

C.P.L.R. 202 (McKinney 2003), "when a non-resident brings a claim, the shorter of New York's

statute of limitations or the statute of limitations where the claim accrued must be applied."

Opinion at 19.  "When an alleged injury is purely economic, the place of injury usually is where

the plaintiff resides and sustains the economic impact of the loss."  *Global Fin. Corp. v. Triarc*

*Corp.*, 93 N.Y.2d 525, 529 (1999).  Chester County pleads that it "provides retirement benefits

for employees of Chester County, Pennsylvania."  (Am. Compl. ¶ 18.)  As a result, any alleged

injury was sustained in Pennsylvania, and the New York borrowing statute requires application

of Pennsylvania's statute of limitations, if shorter than New York's.

Pennsylvania applies a four-year statute of limitations to contract claims.  *See*  42 Pa. Stat. and Cons. Stat. Ann. § 5525(a) (West 2004); *Steiner v. Markel*, 968 A.2d 1253, 1255 n.5 (Pa. 2009).   Because this is shorter than New York's six-year statute of limitations, *see* N.Y. C.P.L.R. 213(2) (McKinney Supp. 2016), Pennsylvania's shorter statute of limitation applies to Chester County's contract claim.

The Court already has concluded that plaintiffs "have not adequately alleged that JPM's practice of adding a spread to FX rates was not previously discoverable with reasonable diligence."  Opinion at 21.  There are no new allegations that would result in a different conclusion with respect to Chester County's claims.  Accordingly, Chester County may not avail itself of the doctrine of fraudulent concealment to save its untimely claims.  *See, e.g.,Urland ex rel. Urland v. Merrell-Dow Pharm., Inc.*, 822 F.2d 1268, 1274 (3d Cir. 1987) ("'Pennsylvania courts hold that the limitation period does not commence in cases of fraudulent concealment until the time of discovery or the date *when with reasonable diligence* one would have been led to discovery.'") (citation omitted); *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 279, 281 (Pa. Super. Ct. 2005) (affirming judgment on the pleadings where plaintiff failed to sufficiently plead fraudulent concealment).[3]  Thus, unless some other basis for relation back or tolling applies, Chester County may not assert claims against JPM predating November 21, 2012 – four years before Chester County first asserted claims against JPM.

---

[3]  "'[I]n borrowing a foreign statute, all extensions and tolls applied in the foreign state must be imported with the foreign statutory period . . . .'"  Opinion at 20 (alteration and ellipses in original) (*quoting Norex Petroleum Ltd. v. Blavatnik*, 23 N.Y.3d 665, 676 (2014)).

4

**1.    Chester County's Claims Do Not Relate Back to the Original
Complaint Filed in This Court**

We understand that Chester County will assert that, pursuant to Rule 15(c) of the

Federal Rules of Civil Procedure, its claims relate back to the commencement of this action in

2015.  The "relation back" doctrine, however, is inapplicable in these circumstances.

The original plaintiffs – Mr. Merryman and his affiliates – commenced an action

in the Western District of Arkansas on May 1, 2015.  JPM moved to dismiss that action on a

variety of grounds, including that the court lacked personal jurisdiction over JPM, and that the

plaintiffs lacked standing to assert claims on behalf of holders of ADRs never owned by the

named plaintiffs.  This motion was fully briefed, and submitted to the court in Arkansas for

decision.  The Arkansas court dismissed the case for lack of personal jurisdiction.  *See*

*Merryman v. JPMorgan Chase Bank, N.A.*, No. 5:15-CV-5100, 2015 WL 7308666, at *5 (W.D.

Ark. Nov. 19, 2015).  The court specifically noted that other grounds for dismissal had been

raised, but need not be considered by the court because of its decision concerning personal

jurisdiction.  *Id.* at *1.  Thereafter, the same named plaintiffs filed this action on November 21,

2015.  No additional named plaintiffs were added, notwithstanding the fact that plaintiffs were

well aware of JPM's argument concerning their lack of standing as to ADRs they never held.

JPM again raised lack of standing as a grounds for dismissal.  Rather than seek to

add additional named plaintiffs with standing, plaintiffs opposed JPM's motion.  The Court

agreed with JPM and concluded that plaintiffs did not have standing to assert claims on behalf of

holders of ADRs never owned by plaintiffs.  Opinion at 26-30.  On November 21, 2016,

plaintiffs filed an Amended Complaint attempting to cure in part the lack of standing by adding

Chester County as a named plaintiff for purposes of asserting claims pursuant to additional

ADRs that were not owned by the original plaintiffs.  It is against this backdrop that plaintiffs

assert that Chester County's claims should relate back to the original complaint filed in this action.

Plaintiffs' argument, however, has been rejected by the Second Circuit.  In *Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), the Second Circuit considered a situation where certain claims asserted by the named plaintiff had been dismissed for lack of standing.[4]  *See id.* at 103.  In hopes of curing the lack of standing, certain entities sought to intervene in the case as named plaintiffs; the district court denied these motions to intervene, and three of the proposed plaintiffs appealed.  *Id.* at 103-04. The Second Circuit specifically noted that prior to the intervention effort "the three proposed intervenors who are appellants here . . . were, at all times, members of the asserted class in the consolidated action, but were never named plaintiffs." *Id.* at 110-11.  The court rejected proposed intervenors' effort to intervene and relate their claims back to the original complaint:

> The District Court lacked jurisdiction over certain claims of the original lead plaintiff – the very claims now asserted by the proposed intervenors – and that defect may not be cured by later intervention. Accordingly, absent circumstances that would render the newly asserted claims independently timely, neither Rule 24 nor the Rule 15(c) "relation back" doctrine permits members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction.

*Id.* at 111-12 (citation omitted); *see also In re Magnum Hunter Res. Corp. Sec. Litig.*, 616 F. App'x 442, 447 (2d Cir. 2015) ("Delaware County Employees Retirement Fund . . . , the plaintiff with standing, was not an original plaintiff and, thus, cannot provide relationship back to the

---

[4]    The standing at issue was very similar to the issue that was resolved in this case.  *See IndyMac MBS*, 721 F.3d at 110 n.19 ("[O]ur decision today implicates only those claims and defendants as to which Wyoming would lack standing under *NECA-IBE* [*Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012)].")

original complaint.").  Accordingly, because Chester County's claims never were validly asserted by the original plaintiffs, it cannot relate its untimely claims back to the original filing.

Further, even setting aside that a lack of standing may not be cured by relation back, Chester County cannot satisfy the requirements otherwise necessary to invoke relation back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[5]  As a threshold issue, relation back is unavailable because the failure to join Chester County as a plaintiff earlier was not the result of a mistake in identity.  *See Wilder v. News Corp.*, No. 11 Civ. 4947(PGG), 2015 WL 5853763, at *15-16 (S.D.N.Y. Oct. 6, 2015) ("This Court concludes, however, that the weight of authority in this Circuit – including the Second Circuit's decision in *Levy* – indicates that relation back of an amended complaint adding new plaintiffs is permitted only where the omission of the subsequently-added plaintiffs from the timely-filed complaint was the result of a mistake." (relying on *Levy v. U.S. Gen. Accounting Office*, 175 F.3d 254, 255 (2d Cir. 1999) (per curiam))); *accord Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 56-57, 82-85 (E.D.N.Y. 2015) (applying the mistake requirement).  Indeed, "[t]he reason undergirding application of Rule 15(c)(1)(C)'s 'mistake' requirement to bar amendments adding new plaintiffs has even greater persuasive power in the context of a class action.  Permitting relation back of an entire class of plaintiffs would blindside a defendant who thought it was dealing with a small, enumerated group of plaintiffs."  *Dial Corp. v. News Corp.*, No. 13 Civ. 6802, 2016 WL 690895, at *2 (S.D.N.Y. Feb. 9, 2016).[6]  Here, JPM moved to dismiss for lack of standing twice, yet plaintiffs

---

[5]  Rule 15(c) also allows relation back if the law of the state providing the statute of limitations "allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  The law of Pennsylvania, however, is considerably less favorable than Rule 15, and therefore cannot assist plaintiffs.  *See Kincy v. Petro*, 2 A.3d 490, 497 (Pa. 2010) ("A plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired.").

[6]  JPM submits that the authorities and reasoning set forth in the cases cited above requiring mistake are more persuasive than those do not require such a showing, particularly on the facts presented here and given the Second Circuit authority on the subject.  *See Levy v. U.S. General Accounting Office*, 175 F.3d 254, 255 (2d

*(cont'd)*

"appear to have made a strategic decision to file their action based on the claims of the Named Plaintiffs only.  This is not cognizable as a mistake . . . ."  *Charlot*, 97 F. Supp. 3d at 84-85; *see also id.*, at 57 ("The Named Plaintiffs do not assert, much less demonstrate, that their failure to include the proposed plaintiffs in their original complaint was the result of mistake of identity."). The absence of any mistake additionally bars plaintiffs' attempt to rely on relation back.

Nor did JPM have fair notice of Chester County's claims within the requisite time period.  *See* Fed. R. Civ. P. 15(c)(1)(C)(i).  This is not a situation where the new plaintiff merely seeks to assert the identical claims as the original plaintiff.  *Cf. Beach v. Citigroup Alternative Invs., LLC*, No. 12 Civ. 7717(PKC), 2014 WL 904650, at *20 (S.D.N.Y. Mar. 7, 2014) ("[A]llowing relation back of newly named plaintiff's claims under Rule 15(c), as long as they are identical to the claims already asserted and would have been timely at the time of filing, would not unduly surprise or prejudice the defendants.")  To the contrary, the addition of Chester County adds dozens of ADRs into the mix – claims which the original plaintiffs had no standing to assert.  These ADRs were not mentioned in the original complaint, and the addition of these claims vastly expands the scope of the lawsuit and does not raise the "same set of concerns" as the claims raised by the original plaintiffs.  *See* Opinion at 30.  Given the absence of an identity in interests, at a minimum, heightened notice should be required before allowing relation back. *See Charlot*, 97 F. Supp. 3d at 85-86.

Indeed, permitting relation back here would present an unworkable framework and allow putative plaintiffs to easily end-run the requirements of class standing.  Under

_____

*(cont'd from previous page)*

    Cir. 1999) (per curiam) ("[T]he claims of the Roemer Appellants [did] not relate back [because] Levy did not seek to add the Roemer Appellants as plaintiffs because of a mistake, as required by Fed. R. Civ. P. 15(c)(3)(B).").  There is, however, some authority concluding that the addition of a plaintiff does not require the showing of a mistake.  *See, e.g.*, *Beach v. Citigroup Alternative Invs. LLC*, No. 12 Civ. 7717 (PKC), 2014 WL 904650, at *19-20 (S.D.N.Y. Mar. 7, 2014).

plaintiffs' theory, they are free to plead a vastly overbroad class for purposes of tolling the statute of limitations, filling in named plaintiffs along the way to cure the lack of standing. This not only is unworkable in terms of litigation management, it also is patently unfair. If filed independently, there is no doubt that Chester County's claims predating November 21, 2012 would be untimely. The fact that other plaintiffs filed claims they did not have standing to assert should not excuse the untimeliness of Chester County's claims. "The proposed intervenors, through minimal diligence, could have avoided the operation of the Section 13 statute of repose simply by making timely motions to intervene in the action as named plaintiffs, or by filing their own timely actions and, if prudent, seeking to join their claims under Federal Rule of Civil Procedure 20 (joinder)." *IndyMac MBS*, 721 F.3d at 112.[7]

### 2.      Class Action Tolling Is Inapplicable

We understand that plaintiffs additionally will assert that the filing of the Arkansas complaint on May 1, 2015 tolled the running of the class action statute of limitations under the rubric of *American Pipe*[8] and that it should thus be permitted to assert claims dating back to May 1, 2011, four years earlier. But federal law does not govern the tolling of the state claims; state law controls, including class action tolling. *See Casey v. Merck & Co.*, 653 F.3d 95,

---

[7]     *Cf. Charlot*, 97 F. Supp. 3d at 73 ("Under the Named Plaintiffs' theory, plaintiffs would be permitted to stop the clock on all state law wage-and-hour claims possibly brought against an employer in multiple states by filing a single FLSA collective action, as long as they were later able to identify plaintiffs in other states. Indeed, the Named Plaintiffs' reasoning suggests that Ecolab has received adequate notice that Ecolab might, at some later point, be subject to the relation back of even more state wage-and-hour-law claims – such as claims by other individuals (located in at least fourteen additional states) who filed Consent to Sue forms in this action. This is not fair notice."); *accord id.* at 54.

[8]     This tolling doctrine, established in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), provides that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554.

97 (2d Cir. 2011) (holding that state law governed whether *American Pipe* tolling applied to state law claims).

Under Pennsylvania law, tolling of class action claims is not triggered by an earlier class action commenced outside of Pennsylvania, such as an action in Arkansas or New York. *See Germinaro v. Fid. Nat. Title Ins. Co.*, 107 F. Supp. 3d 439, 457 (W.D. Pa. 2015) ("Pennsylvania does not recognize *American Pipe* tolling in cross-jurisdictional cases."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6243526, at *146 (S.D.N.Y. Oct. 20, 2015) (concluding that "Pennsylvania would reject class-action tolling when the class action was filed in a federal court outside Pennsylvania"); *Ravitch v. Pricewaterhouse*, 793 A.2d 939, 940-44 (Pa. Super. Ct. 2002) (holding that limitations period not tolled by prior class action filed in New York). Therefore, contrary to plaintiffs' possible argument, there can be no tolling of Chester County's claims arising from the May 2015 filing of the Arkansas complaint. On this ground alone, Chester County may only claim redress for the four years preceding the filing of its claims in this Court on November 21, 2016.

Further, although the Court need not reach the issue because the cross-jurisdictional tolling conclusion is dispositive, any attempt by Chester County to "count back" from the filing of the Arkansas complaint or the original complaint in this Court would also fail because Pennsylvania will not apply class action tolling where the original action was dismissed for lack of standing. *See Cunningham v. Ins. Co. of N. Am.*, 530 A.2d 407, 411 (Pa. 1987) (declining to apply *American Pipe* tolling where original plaintiffs lacked standing to assert later-filed claims, a conclusion that was obvious from the face of the complaint). The Court has concluded that the original plaintiffs lacked standing to assert claims on behalf of alleged holders of ADRs not owned by the original plaintiffs. *See* Opinion at 26-30. Thus, under Pennsylvania

law, because the original class action plaintiffs lacked standing to assert claims on behalf of the holders of ADRs held by Chester County, Chester County may not relate its claims back to the date of the earlier complaints.

*      *      *

Since Chester County cannot avail itself of either relation back or class action tolling, its claims predating November 21, 2012 are barred by Pennsylvania's statute of limitations and should be dismissed.

**B.     Application of the Opinion to the Amended Complaint**

**1.     Claims Dismissed in the Opinion Should Again Be Dismissed**

Plaintiffs assert that they "acknowledge" the Court's prior decision and state that they "are not pursuing such previously dismissed claims or allegations absent further order from the Court." (Am. Compl. at 1 n.2.) For purposes of avoiding any ambiguity and to preserve the parties' appellate rights, JPM respectfully requests that consistent with the Opinion the Court enter an order dismissing the following claims which have been reasserted in the Amended Complaint: (i) the claim for breach of the implied covenant of good faith and fair dealing (Count II) (*see* Opinion at 23-24); (ii) the claim for conversion (Count III) (*see id.* at 24-25); (iii) the demand for punitive damages (*see id.* at 25-26); (iv) any claims plaintiffs assert on behalf of owners of ADRs never owned by plaintiffs (*see id.* at 26-30) (subject to plaintiffs' motion for reconsideration); and (v) any claims asserted by the original plaintiffs predating November 21, 2010 (*see id.* at 19-22) (subject to plaintiffs' motion for reconsideration). In addition, claims pursuant to the Chunghwa ADR should be stayed in favor of arbitration. (*See id.* at 30-33.)

**2.     Arguments Raised By JPM and Rejected in the Opinion**

JPM also asserted arguments in its original motion to dismiss that were rejected (at the pleading stage) in the Opinion, including that: (i) plaintiffs' claims should be dismissed

pursuant to the Securities Litigation Uniform Standards Act (Opinion at 9-11); (ii) plaintiffs lack contractual standing to assert claims pursuant to certain of the relevant agreements because they are not "Registered" holders of the ADRs (*id.* at 12-15); and (iii) plaintiffs have failed to state a claim for breach of contract (*id.* at 15-19).  JPM believes these arguments apply with equal force to the Amended Complaint.  However, as with the Court's rulings in JPM's favor, JPM recognizes the doctrine of law of the case and that the Court will adhere to the Opinion.  Likewise, to preserve the parties' appellate rights and to avoid burdening the Court with unnecessary briefing, JPM reasserts these arguments and incorporates its prior motion to dismiss by reference.

## IV.
## CONCLUSION

For the foregoing reasons, JPM respectfully requests that the Court dismiss the Amended Complaint.

Dated:  January 13, 2017
          New York, New York

/s/Susan L. Saltzstein
Susan L. Saltzstein
Marco E. Schnabl
Jeffrey S. Geier
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
Email:    Susan.Saltzstein@skadden.com
          Marco.Schnabl@skadden.com
          Jeffrey.Geier@skadden.com

*Attorneys for JPMorgan Chase Bank, N.A.*