USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____5/5/17__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BENJAMIN MICHAEL MERRYMAN, AMY :
WHITAKER MERRYMAN TRUST, and B :
MERRYMAN AND A MERRYMAN 4TH :
GENERATION REMAINDER TRUST, and :      15-CV-9188 (VEC)
CHESTER COUNTY RETIREMENT BOARD, :
individually and on behalf of all others similarly :      MEMORANDUM
situated, :      OPINION & ORDER
                              Plaintiffs, :
                                             :
                  -against- :
                                             :
J.P. MORGAN CHASE BANK, N.A., :
                                             :
                              Defendant. :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiffs, Benjamin Michael Merryman, Amy Whitaker Merryman Trust, B Berryman

and A Merryman 4th Generation Remainder Trust (collectively, "Merryman Plaintiffs") and

Chester County Retirement Board ("Chester County," and collectively with Merryman Plaintiffs,

"Plaintiffs"), on behalf of themselves and all others similarly situated, have filed an Amended

Complaint against J.P. Morgan Chase Bank, N.A. ("JPM") for breach of contract. Plaintiffs,

owners of American Depositary Receipts ("ADRs") held on deposit by JPM, claim that JPM

collected impermissible "fees" when converting foreign currency-denominated cash distributions

into U.S. dollars before distributing the cash to Plaintiffs.

JPM moved to dismiss the Original Complaint, which had as named Plaintiffs only the

Merryman Plaintiffs. JPM's motion was granted in part and denied in part (the "September 29

Opinion"). Dkt. 35. The Court assumes the parties' familiarity with the facts of the case and

directs readers to the September 29 Opinion. *See Merryman v. J.P. Morgan Chase Bank, N.A.*

("*Merryman I*"), No. 15-CV-9188 (VEC), 2016 WL 5477776 (S.D.N.Y. Sept. 29, 2016). In the

Original Complaint, the Merryman Plaintiffs, on behalf of a putative class, asserted breach of

contract claims arising out of all ADRs held on deposit by JPM, even though the Merryman

Plaintiffs owned only twelve of the 107 ADRs held on deposit by JPM.  The September 29

Opinion concluded that the Merryman Plaintiffs do not have class standing to represent holders

of ADRs that the Merryman Plaintiffs do not own.  *Id.* at *13-15.  Subsequently, Plaintiffs filed

an Amended Complaint that added as a Plaintiff Chester County, which allegedly owned during

the putative class period forty-one ADRs held on deposit by JPM.  Dkt. 50.[1]  JPM now moves to

dismiss the Amended Complaint to the extent Chester County's claims predating November 21,

2012, are barred by the statute of limitations.[2]  For the following reasons, JPM's motion is

GRANTED.

## DISCUSSION

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege

sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com,*

*Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56,

(2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *N.J. Carpenters Health Fund v. Royal*

*Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).  In

---

[1]  Plaintiffs filed a corrected Amended Complaint on November 28, 2016.  Dkt. 55.

[2]  The Amended Complaint reasserts all claims that were dismissed by the September 29 Opinion but
acknowledges that certain claims were dismissed and clarifies that Plaintiffs are not pursuing those dismissed
claims.  Am. Compl. 1 n.2 (Dkt. 55).  JPM also reasserts all arguments previously made to dismiss the Original
Complaint but recognizes the doctrine of the law of the case and requests that the Court dismiss the claims Plaintiffs
have re-alleged in the Amended Complaint that were dismissed in the September 29 Opinion.  Def. Mem. 1 n.1, 11-
12 (Dkt. 60).  For the sake of clarity, the September 29 Opinion applies to the Amended Complaint, and any claims
dismissed in that Opinion that are reasserted in the Amended Complaint are dismissed in accordance with that
Opinion.

deciding a motion to dismiss, courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc.*, 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp.*, Inc., 547 F.3d 406, 425 (2d Cir. 2008)).

The parties agree that, pursuant to New York's borrowing statute, N.Y. C.P.L.R. § 202, Pennsylvania's four-year statute of limitations for breach of contract, 42 Pa. Stat. and Const. Stat. Ann. § 5525(a), along with any relevant Pennsylvania tolling rules, applies here. Def. Mem. 3-4; Pls. Opp. 1 n.2 (Dkt. 62). The parties dispute, however, whether the limitations period should be calculated from the date of Plaintiffs' Amended Complaint, filed on November 21, 2016, or from the date of Plaintiffs' Original Complaint, filed on November 21, 2015. Plaintiffs seek the earlier date, arguing that: (1) Pennsylvania's class action tolling applies, and (2) Chester County's claims relate back to the date of the Original Complaint pursuant to Federal Rule of Civil Procedure 15(c). JPM disagrees and argues that the limitations period should be calculated as of the date of the Amended Complaint, November 21, 2016.

## I.    Class Action Tolling

Under Pennsylvania law, the statute of limitations is normally tolled for all putative plaintiffs upon the filing of a class action. *Cunningham v. Ins. Co. of N. Am.*, 530 A.2d 407, 408 (1987) (citing *Alessandro v. State Farm Mut. Auto. Ins. Co.*, 409 A.2d 347, 350 n.9 (1979)). But, as explained by the Pennsylvania Supreme Court in *Cunningham*, the statute of limitations is not

tolled for putative plaintiffs in a class action in which the named plaintiff lacks standing, and the lack of standing is apparent on the face of the complaint. *Id.* at 409, 411.

In *Cunningham*, the plaintiffs sued an insurance company on behalf of all of its insureds for breach of contract. *Id.* at 407. The action was brought after the expiration of the statute of limitations, but the plaintiffs argued that the limitations period had been tolled by a prior class action in which the plaintiffs had been putative class members. *Id.* at 408. The prior class action named as defendants many insurance companies, one of which was the defendant in *Cunningham. Id.* In the prior class action, at the preliminary objections stage, the trial court had dismissed the claims against all but one of the defendant insurance companies on the ground that the named plaintiff lacked standing to sue those companies, including the defendant in *Cunningham*, because the named plaintiff had not been insured by those insurance companies. *Id.* The Pennsylvania Supreme Court considered whether the lack of standing in the prior class action "negated the tolling effect" that would normally occur upon the filing of a class action. *Id.* at 409. The Court held that it did, explaining that the lack of standing was "apparent upon the face of the complaint" because the named plaintiff was not insured by the *Cunningham* insurer, and the complaint contained no allegation that the insurer had injured the named plaintiff. *Id.* at 409-10.

Similarly, in its September 29 Opinion, this Court concluded, relying exclusively on the Original Complaint and the ADR contracts referenced therein, that the Merryman Plaintiffs did not have class standing to bring breach of contract claims arising out of ADRs that they never owned. *Merryman I,* 2016 WL 5477776, at *13-15. Plaintiffs filed an Amended Complaint adding as a named Plaintiff Chester County and adding breach of contract claims related to

ADRs owned by Chester County but not by the Merryman Plaintiffs.[3]  The Amended Complaint thus seeks to bring claims for which the original named Plaintiffs—the Merryman Plaintiffs— lacked standing.  Just as in *Cunningham*, the statute of limitations is not tolled for Chester County because the original named Plaintiffs lacked standing as to Chester County's claims.

Plaintiffs attempt to distinguish *Cunningham*, arguing that the Merryman Plaintiffs' lack of standing as to the unowned ADRs was not "apparent" on the face of the Original Complaint.  Pls. Opp. 5-6.  Despite Plaintiffs' argument, the fact that the parties litigated class standing does not alter the conclusion that lack of standing was apparent on the face of the Original Complaint—the Court denied class standing based solely on the allegations in the Original Complaint and the ADR contracts incorporated by reference therein.  *See Merryman I,* 2016 WL 5477776, at *13-15.  Plaintiffs also argue that lack of standing was not "apparent" because two other courts in this district denied motions to dismiss based on a lack of class standing in cases involving virtually identical allegations regarding ADRs not owned by the named plaintiffs.  Pls. Opp. 5-6.  That two other courts denied motions to dismiss based on class standing in nearly identical ADR cases does not indicate that lack of standing was not apparent on the face of the Original Complaint.[4]  In the prior class action at issue in *Cunningham*, the trial court denied class standing, the Superior Court reversed, and the Supreme Court reversed again.  *Cunningham*, 530 A.2d at 408.  That various courts viewed the issue of class standing differently did not affect the Pennsylvania Supreme Court's determination that lack of standing was apparent on the face of the complaint.  Nor does it do so here.

---

[3]     Both the Merryman Plaintiffs and Chester County allegedly held Banco Santander SA ADRs during the putative class period.  Def. Reply 3 n.6 (Dkt. 63).

[4]     To be precise, those courts did not hold that the named plaintiffs *had* class standing; they merely deferred the class standing decision to the class certification stage.  *Normand v. Bank of N.Y. Mellon*, No. 16-CV-212 (JPO), 2016 WL 5477783, at *7-8 (S.D.N.Y. Sept. 29, 2016); *Merryman v. Citigroup, Inc.*, No. 15-cv-9185 (CM), 2016 U.S. Dist. LEXIS 112416, at *31-36 (S.D.N.Y. Aug. 15, 2016).

Plaintiffs also cite various decisions from this district favoring policies that permit class action tolling even when the original plaintiff lacked standing. Pls. Opp. 6. Those cases, however, are inapposite given that the *Cunningham* decision is dispositive on this issue of Pennsylvania state law. Moreover, the Pennsylvania Supreme Court squarely rejected the policy consideration that has driven the decisions cited by Plaintiffs—namely, that failure to toll putative class members' claims would result in an onslaught of protective filings to preserve claims, *see e.g.*, *In re IndyMac Mortgage-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 646 (S.D.N.Y. 2011). The Pennsylvania Supreme Court viewed its holding as discouraging plaintiffs—and their counsel[5]—from filing suits in cases in which the plaintiff obviously lacks standing. *Cunningham*, 530 A.2d at 410-11. Accordingly, Chester County's claims were not tolled from the date of the Original Complaint.[6]

## II.     Federal Rule of Civil Procedure 15(c)

Plaintiffs alternatively argue that JPM's motion should be denied because, pursuant to Federal Rule of Civil Procedure 15(c), the Amended Complaint relates back to the filing date of the Original Complaint. "Amended pleadings that meet the requirements of Rule 15(c) are considered to 'relate back' to the date of the original complaint." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Rule 15(c) provides, in relevant part, that:

[a]n amendment to a pleading relates back to the date of the original pleading when:

---

[5]     As JPM argued in connection with its motion to dismiss the Original Complaint, Dkt. 26, at 8, the Merryman Plaintiffs have absolutely no financial interest in pursuing breach of contract claims for ADRs that they do not own. Their attorneys, on the other hand, have such an interest because any claim for attorneys' fees that they may eventually press will be based, at least partially, on the total monetary value of any judgment they obtain or settlement they negotiate. The Court does not begrudge counsel's desire to have the value of the judgment or settlement be as large as possible, but only if they can round up named plaintiffs who are equally interested in the individual components of such a judgment or settlement. The decision of the Pennsylvania Supreme Court insures that the motivating factor in these cases is the plaintiffs' injury rather than the plaintiffs' attorney's claim for fees, which is also an important public policy.

[6]     The parties dispute whether Pennsylvania's prohibition on cross-jurisdictional tolling for class action lawsuits applies here. Pls. Opp. 7-8; Def. Reply 1-3. Because Chester County's claims are not tolled by class action tolling, the Court need not consider the cross-jurisdictional tolling issue.

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out-in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if . . . the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Rule 15(c)(1)(C), which governs relation back when an amendment changes the named defendants, also applies to a change of named plaintiffs. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (holding Rule 15(c) applies to a change in plaintiffs); *Levy v. U.S. General Accounting Office*, 97 Civ. 4016 (MBM), 1998 WL 193191, at *5 (S.D.N.Y. Apr. 22, 1998) ("Because . . . [the] Amended Complaint seeks to add . . . plaintiffs as additional parties . . . Rule 15(c) . . . governs whether that amendment relates back to . . . [the] original complaint."), *aff'd*, 175 F.3d 254 (2d Cir. 1999) (per curiam); *Wilder v. News Corp.*, No. 11 CIV. 4947 (PGG), 2015 WL 5853763, at *15 (S.D.N.Y. Oct. 7, 2015) (holding that Rule 15(c)(1)(C) specifically applies to changes to named plaintiffs).[7]

"[C]ourts in this Circuit have differed as to whether Rule 15(c)[(1)(C)(ii)] requires that the omission of the new plaintiff from the original pleading be the result of a mistake," *Wilder*, 2015 WL 5853763, at *15, and the parties dispute whether the mistaken identity requirement applies to a change in plaintiffs, *see* Def. Mem. 7-8; Pls. Opp. 10-11. The Second Circuit has

---

[7]     *See also* Fed. R. Civ. P. 15(c), Advisory Committee Note—1966 Amendment (Although "[t]he relation back of amendments changing plaintiffs is not expressly treated in . . . Rule 15(c)," "the attitude taken in . . . Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.").

precluded relation back of a plaintiff's claim pursuant to Rule 15(c) when the plaintiff's omission from the original complaint was not due to mistake. *Levy v. U.S. Gen. Accounting Office*, 175 F.3d 254, 255 (2d Cir. 1999) (per curiam).[8] Most district courts in this Circuit have followed the Second Circuit and have required a mistake in order to relate back the claims of a newly added plaintiff, including in class actions. *See, e.g.*, *Dial Corp. v. News Corp.*, No. 13CV6802 (WHP), 2016 WL 690895, at *2 (S.D.N.Y. Feb. 9, 2016) ("The reason undergirding application of Rule 15(c)(1)(C)'s 'mistake' requirement to bar amendments adding new plaintiffs has even greater persuasive power in the context of a class action. Permitting relation back of an entire class of plaintiffs would blindside a defendant who thought it was dealing with a small, enumerated group of plaintiffs."); *Wilder*, 2015 WL 5853763, at *16 (holding the weight of authority indicates that relation back for new plaintiffs is permitted only when the omission of the newly added plaintiffs from the timely-filed complaint was a mistake) (collecting cases); *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 83 (E.D.N.Y. 2015) (collecting cases).

Other district courts, dismissive of the Second Circuit's decision in *Levy* as a "one paragraph per curiam opinion . . . [that] involved unique concerns pertaining to piggybacking employment discrimination claims," have not required mistake in order to relate back the claims of newly added plaintiffs. *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 290 (S.D.N.Y. 2009); *see also Beach v. Citigroup Alternative Invs. LLC*, No. 12 Civ. 7717 (PKC), 2014 WL 904650, at *19 (S.D.N.Y. Mar. 7, 2014)*; In re Gilat Satellite Networks, Ltd.*, No. 02 Civ. 1510, 2005 WL 2277476, at *25 (E.D.N.Y. Sept. 19, 2005); *In re Simon II Litig.*, 211 F.R.D. 86, 145

---

[8]     The Second Circuit in *Levy* cites to Rule 15(c)(3)(B), the version of Rule 15(c) then in effect. In 2007, as part of a general restyling of the Federal Rules of Civil Procedure, Rule 15(c)(3)(B) was renumbered as 15(c)(1)(C)(ii) without substantive modifications. *See* Fed. R. Civ. P. 15 Advisory Committee Note–2007 Amendment ("[t]he language of Rule 15 [was] amended as part of a general restyling of the Civil Rules. . . . These changes [were] intended to be stylistic only."); *see also Wilder*, 2015 WL 5853763, at *15 n.8 (explaining Rule 15(c)(3)(B) was merely renumbered as 15(c)(1)(C)(ii))).

(E.D.N.Y.2002), *order confirmed* (Oct. 15, 2002), *vacated & remanded on other grounds*, 407 F.3d 125 (2d Cir. 2005). Because, however, this Court is bound by the decisions of the Second Circuit that have not been overruled and that cannot be distinguished, this Court must follow *Levy*—a newly added plaintiff's claims relate back pursuant to Rule 15(c) if there was a mistake that caused the party to be omitted from the original complaint. In this case, Plaintiffs do not argue that the omission of Chester County from the Original Complaint was a mistake. Instead, it appears obvious that there was a strategic decision to bring the broadest possible claim against JPM without regard to any actual injury to the Merryman Plaintiffs as the named plaintiffs. In short, because the requirements of Rule 15(c)(1)(C) have not been satisfied, Chester County's claims do not relate back to the filing date of the Original Complaint pursuant to Rule 15(c).[9]

---

[9] Because the requirement of mistake is not met in this case, it is not necessary to consider whether the requirement in Rule 15(c)(1)(C)(i) is satisfied.

JPM also argues that the Second Circuit's decision in *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.* ("*IndyMac MBS*"), 721 F.3d 95 (2d Cir. 2013), precludes relation back in this case under Rule 15(c). Def. Mem. 6-7. The Second Circuit in *IndyMac MBS* held "that the Rule 15(c) 'relation back' doctrine does not permit members of a putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction." 721 F.3d at 110. Because the Court holds that Chester County has not satisfied the mistake requirement of Rule 15(c), the Court need not resolve whether relation back of Chester County's claims is also precluded by *IndyMac MBS*. The Court notes, however, that the Second Circuit in *IndyMac MBS* held that claims of the newly named plaintiffs did not relate back because the previously named plaintiffs lacked Article III standing as to those claims, thus leaving the court without jurisdiction over the claims. *Id.* at 102-03, 110-12. In contrast, in this case, the Court, without addressing Article III standing, dismissed certain claims because the Merryman Plaintiffs lacked class standing to represents holders of ADRs that they never owned. *Merryman I*, 2016 WL 5477776, at *13-15. Although the line between class standing and Article III standing is "murky," they are distinct issues. *Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 160 (2d Cir. 2014); *see also Kacocha v. Nestle Purina Petcare Co.*, No. 15-CV-5489 (KMK), 2016 WL 4367991, at *5 (S.D.N.Y. Aug. 12, 2016) ("[H]istorically, courts in the Second Circuit have distinguished between Article III, statutory, and class standing."). Thus, whether class standing is jurisdictional, like Article III standing, is a distinct issue. *IndyMac MBS* would only apply here if class standing is jurisdictional or if the Merryman Plaintiffs lack Article III standing to raise breach of contract claims for ADRs they do not own. The parties do not address the distinction between Article III standing and class standing or whether the Merryman Plaintiffs had Article III standing to bring breach of contract claims for ADRs they do not own.

## CONCLUSION

For the foregoing reasons, JPM's motion to dismiss the Amended Complaint is GRANTED, and Chester County's claims predating November 21, 2012, are barred by Pennsylvania's statute of limitations. The Clerk of Court is respectfully directed to close the open motion at docket entry 59.

The parties must appear for a conference on May 19, 2017, at 10:00 a.m., in Courtroom 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, at which time the Court will set a discovery schedule. No later than May 16, 2017, the parties must file a joint Case Management Plan. If the parties wish to raise any additional issues during the conference, no later than May 16, 2017, they must file a joint letter briefly addressing those issues.

**SO ORDERED.**

Date: **May 5, 2017**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**