## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST AND CHESTER COUNTY EMPLOYEES RETIREMENT FUND, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 1:15-cv-09188-VEC |
| Plaintiffs, | |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated June 12, 2018 (the "Stipulation" or the "Settlement"), is made and entered into by and among (i) Benjamin Michael Merryman, Amy Whitaker Merryman Trust, B Merryman and A Merryman 4th Generation Remainder Trust (the "Merryman Plaintiffs") and Chester County Employees Retirement Fund (together with the Merryman Plaintiffs, the "Plaintiffs"), on behalf of themselves and each Settlement Class Member (as defined below), by and through their counsel, and (ii) JPMorgan Chase Bank, N.A. (the "Defendant" or "JPM"), by and through its counsel, and is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The Settlement is intended by Plaintiffs (on behalf of themselves and each Settlement Class Member (as defined below)) and Defendant to fully, finally, and forever compromise,

settle, release, resolve, discharge, and dismiss with prejudice the above-captioned action (the "Litigation"), all Released Claims (as defined below), and all Released Defendant Claims (as defined below) as against all Released Parties (as defined below), upon and subject to the terms and conditions stated in this Stipulation and final approval of the Court.

**WHEREAS**:

A.      All terms with initial capitalization shall have the meanings ascribed to them in ¶1 below or as otherwise defined herein.

B.      On May 1, 2015, the Merryman Plaintiffs filed a complaint in the action captioned *Merryman et al. v. JPMorgan Chase Bank, N.A.*, 15-5100-TLB (W.D. Ark.) (the "Arkansas Complaint").  The Arkansas Complaint asserted claims for breach of contract, breach of implied covenant of good faith and fair dealing and conversion.

C.      On July 10, 2015, JPM moved to dismiss, or, in the alternative, to transfer the Arkansas Complaint to the Southern District of New York.  The Merryman Plaintiffs opposed JPM's motion on September 4, 2015.

D.      On November 19, 2015, the court granted JPM's motion to dismiss the Arkansas Complaint without prejudice on the grounds that the court lacked personal jurisdiction over JPM.

E.      On November 21, 2015, the Merryman Plaintiffs filed the initial complaint in the Litigation (i.e., the "Class Action Complaint").  The Class Action Complaint asserted claims for breach of contract, breach of implied covenant of good faith and fair dealing and conversion.

F.      On January 22, 2016, JPM moved to dismiss the Class Action Complaint and/or stay all claims relating to the Chungwha Deposit Agreement in favor of arbitration.  The Merryman Plaintiffs opposed JPM's motion on February 22, 2016.

G.      On August 30, 2016, the Court heard argument on JPM's motion to dismiss and, on September 29, 2016, entered its Memorandum Opinion & Order granting in part and denying in part the motion (the "September 29 Order").   Specifically, the Court: (i) denied JPM's motion to dismiss the breach of contract claim for failure to state a claim on which relief could be granted; and (ii) granted JPM's motion as to breach of contract claims that accrued more than five years before the commencement of the lawsuit.   By the September 29 Order, the Court also granted JPM's motion to dismiss as to the Merryman Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, conversion, and punitive damages; granted JPM's motion to compel arbitration of all claims relating to the Chungwha ADR; and granted JPM's motion to deny the Merryman Plaintiffs' standing to represent ADR holders who held ADRs in which the Merryman Plaintiffs did not invest.

H.      Thereafter, on October 13, 2016, the Merryman Plaintiffs moved for partial reconsideration of the September 29 Order, which JPM opposed on October 31, 2016.

I.      On October 21, 2016, the Court entered an order that, among other things, permitted the Merryman Plaintiffs to amend the Class Action Complaint by November 21, 2016. In accordance with that Order, Plaintiffs filed the Amended Class Action Complaint, which added Chester County Employees Retirement Fund as a plaintiff.   Plaintiffs filed a corrected version of their complaint on November 28, 2016 (together, the "Amended Class Action Complaint").

J.      JPM moved to dismiss the Amended Class Action Complaint on January 13, 2017.

K.      By Memorandum Opinion & Order entered February 2, 2017, the Court denied the Merryman Plaintiffs' motion for partial reconsideration of the September 29 Order.

L.      Plaintiffs filed their opposition to JPM's partial motion to dismiss the Amended Class Action Complaint on February 13, 2017, related to statute of limitations issues.

M.      On May 5, 2017, the Court entered its Memorandum Opinion & Order granting JPM's motion in its entirety as it related to statute of limitations issues.

N.      JPM answered the Amended Class Action Complaint on May 19, 2017. Thereafter, Plaintiffs and Defendant commenced discovery, which included Defendant producing over 250,000 pages of documents, Plaintiffs producing over 10,000 pages of documents, six depositions and the exchange of Plaintiffs' expert report in support of class certification.

O.      While discovery efforts were ongoing, counsel for Plaintiffs and counsel for Defendant began discussing the possibility of resolving the Litigation.  Following hard-fought, arm's-length negotiations spanning the course of several months, the Settling Parties reached an agreement in principle to settle the Litigation and entered into a term sheet setting forth the material terms of their agreement on April 12, 2018.  On the same day, the Settling Parties notified the Court of their Term Sheet.

P.      This Stipulation constitutes a compromise of matters that are in dispute between Plaintiffs and Defendant.  JPM is entering into this Stipulation to eliminate the uncertainty, burden, and expense of further protracted litigation.  JPM denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of JPM or any of the Released Defendant Parties with respect to any claim or allegation of any fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that JPM has, or could have, asserted.  JPM expressly denies that Plaintiffs have

asserted any valid claims as to it, and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

Q.      Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of JPM's defenses to liability had any merit.  Moreover, each of the Settling Parties recognizes and acknowledges that the Litigation has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by JPM in good faith, that the Litigation is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

R.      Based on their investigation, prosecution and evaluation of the case, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable and adequate to Plaintiffs and the other Settlement Class Members, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation, after considering (a) the financial benefit that Plaintiffs and the Settlement Class Members will receive under the Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

**NOW THEREFORE**, without any admission or concession whatsoever on the part of Plaintiffs or any Settlement Class Member regarding any lack of merit of the claims in the Litigation, and without any admission or concession whatsoever on the part of JPM of any liability or wrongdoing or lack of merit of its defenses in the Litigation, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties, through their respective

attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties from the Settlement, that the Litigation, all Released Claims (as defined below), and all Released Defendant Claims (as defined below) shall be fully, finally, and forever compromised, settled, released, resolved, discharged, and dismissed with prejudice against the Released Parties (as defined below), upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached to this Stipulation and made a part of it, the following terms shall have the meanings specified below:

(a)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of the Order and Final Judgment provided for in this Stipulation that is acceptable to the Settling Parties in their sole and absolute discretion.

(b)      "Authorized Recipient" means a Settlement Class Member who is approved for payment from the Net Settlement Fund.

(c)      "Claim" means a Settlement Class Member's potential claim to a payment from the Net Settlement Fund.

(d)      "Claim Amount" means the amount to be paid, in accordance with the Plan of Allocation, out of the Net Settlement Fund, to each: (i) Registered Holder Settlement Class Member who is determined to be an Authorized Recipient; and (ii) Non-Registered Holder Settlement Class Member that submits a valid Claim Form and is determined to be an Authorized Recipient.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached to this Stipulation as Exhibit A-3, which a Non-Registered

Holder Settlement Class Member must complete and submit to the Claims Administrator should that Non-Registered Holder Settlement Class Member seek to receive a payment from the Net Settlement Fund.

(f)      "Claimant" means a Non-Registered Holder Settlement Class Member that submits a Claim Form to the Claims Administrator seeking to be eligible to receive a payment from the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Counsel on behalf of the Settlement Class, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)      "Complaints" means the Arkansas Complaint, Class Action Complaint and Amended Class Action Complaint.

(i)      "Court" means the United States District Court for the Southern District of New York.

(j)      "Defendant" or "JPM" means JPMorgan Chase Bank, N.A.

(k)      "Defendant's Counsel" means the law firm of Skadden, Arps, Slate, Meagher & Flom, LLP.

(l)      "Distribution Order" means the order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, if the Effective Date has occurred, in whole or in part, to Authorized Recipients.

(m)      "Effective Date" means the first date by which all of the conditions set forth in ¶39 below have occurred.

(n)      "Escrow Account" means an account maintained by the Escrow Agent, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o)      "Escrow Agent" means the Huntington National Bank.

(p)      "Final," when referring to the Order and Final Judgment or any Alternative Judgment, means, (i) in the event that the Court enters the Order and Final Judgment, the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by *certiorari* or otherwise, and the time for any petition for reargument, appeal, or review, by *certiorari* or otherwise, has expired, or (ii) in the event that the Court enters an Alternative Judgment and neither Plaintiffs nor Defendant elect to terminate the Settlement in its entirety, the expiration of any time for appeal or review of the Alternative Judgment, or, if any appeal is filed and not dismissed, after the Alternative Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by *certiorari* or otherwise, and the time for any petition for reargument, appeal, or review, by *certiorari* or otherwise, has expired, *provided, however*, that, as to both (i) and (ii) above, any disputes or appeals relating solely to the amount, payment, or allocation of attorneys' fees and Litigation Expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment or an Alternative Judgment becomes Final.

(q)      "Final Approval Hearing" or "Settlement Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(r)        "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, wife, or partner in a state-recognized domestic relationship.

(s)        "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity.

(t)        "Lead Counsel" means the law firm of Kessler Topaz Meltzer & Check, LLP.

(u)        "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' counsel in connection with commencing and prosecuting the Litigation, and may also include the costs and expenses of Plaintiffs directly related to their functions as named plaintiffs in the Litigation (i.e., "Service Awards"), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(v)        "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

(w)        "Non-Registered Holder Settlement Class Member" means a Settlement Class Member who holds (or held) their eligible securities through a bank, broker or other nominee and is not listed on the records of JPM's transfer agent(s).

(x)      "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Final Approval Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class.

(y)      "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with providing notice to the Settlement Class and administering the Settlement.

(z)      "Order and Final Judgment" means the order of final judgment to be entered in the Litigation, substantially in the form attached hereto as Exhibit B.

(aa)      "Person" or "Persons" means any natural or legal person, including without limitation any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(bb)      "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Recipients, which, subject to approval of the Court, shall be substantially in the form described in the Notice.

(cc)      "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court, preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

10

(dd)        "Registered Holder Settlement Class Member" means a Settlement Class Member who holds (or held) their eligible securities directly and is listed on the records of JPM's transfer agent(s).  The Depository Trust Company ("DTC"), also known as Cede and Company, is excluded from the definition of "Registered Holder Settlement Class Member."

(ee)        "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown (i.e., "Unknown Claims" as defined below), asserted or unasserted, whether arising under federal, state, common or foreign law, whether in connection with the applicable deposit agreements or otherwise, whether class, derivative or individual in nature, that (a) were or could have been asserted in the Complaints, or any other forum that arise out of, are based upon, or relate in any way to the allegations set forth in the Complaints or (b) arise from, are based upon, or relate in any way to the conversion of foreign currency (including but not limited to any sale, receipt, price, charges, expenses, costs, margins, markup, spread, fee, profit, exchange, adjustment, deduction or disclosure) in connection with the deposit agreements, depositary receipts, common share agreements and/or transfer agency, registrar and dividend disbursing agreements applicable to the securities listed in Appendix 1 or 2 hereto (including any predecessor or successor securities), including but not limited to in connection with any payment, transfer, disbursement or distribution (whether associated with a dividend, rights offering, interest on capital, sale of shares or otherwise).  "Released Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

(ff)        "Released Defendant Claims" means all claims and causes of action of every nature and description, whether known or unknown (i.e., "Unknown Claims" as defined below), asserted or unasserted, whether arising under federal, state, common or foreign law,

whether in connection with the applicable deposit agreements or otherwise, whether class, derivative or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation against Defendant. "Released Defendant Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

(gg)      "Released Defendant Parties" means (i) Defendant, its present and former affiliates, parents, subsidiaries, officers, directors, employees, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, estates, executors, administrators, members, managers, owners, beneficiaries, custodians, representatives, devisees, legatees, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees and attorneys and any Person legally entitled to bring Released Defendant Claims on behalf of Defendant, in their capacities as such; (ii) any custodians or subcustodians appointed in connection with the securities listed on Appendixes 1 and 2 hereto, only with respect to the period that JPM served as depositary, transfer agent, registrar or dividend disbursing agent in connection with such securities; and (iii) the issuers of the securities listed on Appendixes 1 and 2 hereto and/or the securities underlying the deposit receipts or New York shares listed on Appendixes 1 and 2, only with respect to the period that JPM served as depositary, transfer agent, registrar or dividend disbursing agent in connection with the securities listed on Appendixes 1 and 2.

(hh)      "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(ii)      "Released Plaintiff Parties" means Plaintiffs and each and every Settlement Class Member (regardless of whether that Person actually obtains a distribution from

the Net Settlement Fund or is entitled to receive a distribution under the plan of allocation approved by the Court), and their respective present and former affiliates, parents, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts or holdings of personal or family assets, estates, heirs, executors, administrators, members, managers, owners, beneficiaries, custodians, representatives, devisees, legatees, employees, Immediate Family members, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees and attorneys and any Person legally entitled to bring Released Claims on behalf of each of them, in their capacities as such.

        (jj)        "Releases" means the releases set forth in ¶¶6-7 of this Stipulation.

        (kk)        "Settlement" means this Stipulation and Agreement of Settlement and the Settlement contained herein.

        (ll)        "Settlement Amount" means nine million five hundred thousand dollars ($9,500,000.00) to be paid by or on behalf of Defendant into the Escrow Account.

        (mm)        "Settlement Class" means all Persons or entities who are or were holders (directly or indirectly, registered or beneficially) of or otherwise claim any entitlement to any payment (whether a dividend, rights offering, interest on capital, sale of shares or other distribution) in connection with, (1) the securities listed in Appendix 1 hereto (including any predecessor or successor securities) from November 21, 2010 to the date of the Preliminary Approval Order, inclusive; or (2) the securities listed in Appendix 2 hereto (including any predecessor or successor securities) from November 21, 2012 to the date of the Preliminary Approval Order, inclusive.[1]   JPM and its officers, directors, legal representatives, heirs,

---

[1] The Merryman Plaintiffs (in each case, on behalf of himself or itself, as well as any trusts or entities he or it controls) represent that all depositary receipts for which JPM served as a depositary that they owned between November 21, 2010 and the present are listed in Appendix

successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which are not excluded), are excluded from the Settlement Class only to the extent that such Persons or entities had a proprietary (i.e., for their own account) interest in the securities listed in Appendix 1 or 2 hereto and not to the extent that they have held the securities in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Settlement Class.  Also excluded from the Settlement Class are any Persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court.

(nn)      "Settlement Class Member" means any Person that is a member of the Settlement Class.

(oo)      "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(pp)      "Settling Parties" means Plaintiffs, on behalf of themselves and each Settlement Class Member, and Defendant.

(qq)      "Stipulation" means this Stipulation and Agreement of Settlement.

(rr)      "Summary Notice" means the notice, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

(ss)      "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

---

1. Chester County Employees Retirement Fund represents that all depositary receipts for which JPM served as a depositary that it owned between November 21, 2012 and the present are listed in Appendix 2.

(tt)        "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(uu)        "Term Sheet" means the confidential term sheet memorializing the Settling Parties' agreement in principle to settle the Action, executed on April 12, 2018.

(vv)        "Unknown Claims" means any and all claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, and any and all claims that Defendant does not know or suspect to exist in its favor at the time of the release of the Released Defendant Claims, which if known to him, her or it might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, his, her or its decision to object or not to object to the Settlement or not to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendant Claims, the Settling Parties stipulate and agree that, upon the Effective Date, each of the Plaintiffs and Defendant shall expressly waive, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment or any Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Any Settling Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendant Claims, but each of the

Plaintiffs and Defendant shall expressly, fully, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Order and Final Judgment or any Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendant Claims as applicable, known or unknown, suspect or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which have existed or now or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories or authorities.  The Settling Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(ww)      "Validation Letter" means the letter, substantially in the form attached hereto as Exhibit A-2, to be mailed to Registered Holder Settlement Class Members, along with the Notice, setting forth information regarding the total amount of dividends/cash distributions they received for each eligible ADR they held per year during the relevant time period as set forth on the records of JPM's transfer agent(s).

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement and the scheduling of the Final Approval Hearing, which motion shall be unopposed by Defendant. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendant shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  The Settling Parties shall request

that the Final Approval Hearing be scheduled for a date at least 131 days from the date of the Court's entry of the Preliminary Approval Order.

## CERTIFICATION OF THE SETTLEMENT CLASS

3.      Solely for purposes of effectuating the Settlement and for no other purpose, the Setting Parties stipulate and agree to: (i) certification of the Settlement Class pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiffs as representatives for the Settlement Class; and (iii) appointment of Lead Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      In the event the Settlement is terminated, or the Effective Date for any reason does not occur, certification of the Settlement Class shall be nullified and voided, the Litigation shall proceed as though the Settlement Class had never been certified, and none of the Settling Parties or any other Person shall suggest in the Litigation that any inference of any kind should be drawn from the Settlement Class proposed in the Settlement.

## RELEASE OF CLAIMS

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Litigation as against Defendant; and (ii) the Releases provided for herein.

6.      Pursuant to the Order and Final Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each  Settlement Class Member, on behalf of themselves and each of their respective present and former affiliates, parents, subsidiaries, officers, directors, employees, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts or holdings of personal or family assets, estates, heirs, executors, administrators, members, managers, owners, beneficiaries, custodians, representatives, devisees, legatees, Immediate Family members,

17

advisors, consultants, insurers, reinsurers, stockholders, investors, nominees and attorneys and any Person legally entitled to bring Released Claims on behalf of each of them, in their capacities as such, any Person(s) they represent in connection with the Litigation or in connection with the purchase or sale of any of the securities listed in Appendix 1 or 2, and any Person(s) who claim through or on behalf of them, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against any of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.  All Settlement Class Members shall be bound by the terms of the Releases set forth in this Stipulation whether or not they obtain a recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

7.      Pursuant to the Order and Final Judgment, or Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendant, on behalf of itself and any other Person legally entitled to bring Released Defendant Claims on behalf of Defendant, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Released Plaintiff Parties.

8.      Notwithstanding ¶¶6-7 above, nothing in the Order and Final Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Settling Parties to enforce

or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the terms of the Settlement, Defendant shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than ten (10) days after the later to occur of: (i) the Court's entry of the Preliminary Approval Order; or (ii) Lead Counsel providing all paperwork reasonably requested by JPM to process the payment (including but not limited to wire instructions and a W-9).   In the event that the Settlement Amount is not timely paid, regardless of the reasons therefor, Plaintiffs' sole remedy shall be to terminate the Settlement.

10.      Other than the obligation of Defendant to pay or cause to be paid the Settlement Amount into the Escrow Account as provided for in ¶9 above, and to bear all costs associated with providing notice of the Settlement pursuant to the Class Action Fairness Act ("CAFA") as set forth in ¶48 below, Defendant shall have no obligation to make any other payment pursuant to this Stipulation.   The interest earned on the Settlement Fund shall be for the benefit of the Settlement Class.

11.      This Settlement is not a claims-made settlement; there will be no reversion.  As of the Effective Date, neither JPM nor any other Person who paid any portion of the funds in the Escrow Account, shall have any right to the return of the Net Settlement Fund or any portion thereof irrespective of the number of Claims, the collective amount of losses of Authorized Recipients, the percentage of recovery of losses, or the amounts to be paid to Authorized Recipients from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶28 below and is of such an amount that in the opinion of Lead Counsel and the Claims Administrator it is not cost effective or efficient to redistribute the

amount to Authorized Recipients, then in such event, Lead Counsel shall seek an order from the Court: (i) approving the recommendation that any further re-distribution is not cost effective or efficient; and (ii) ordering the contribution of the Net Settlement Fund to a nonsectarian charitable organization selected by the Court upon application by the Settling Parties.

### USE OF THE SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  The balance remaining in the Settlement Fund, i.e., the Net Settlement Fund, shall be distributed to Authorized Recipients.  As provided below, after (i) the Order and Final Judgment becomes Final and (ii) the Court enters the Distribution Order, the Net Settlement Fund will be distributed to Authorized Recipients in accordance with the terms of such Distribution Order and the plan of allocation approved by the Court.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written instruction of Lead Counsel, the Escrow Agent shall invest the Settlement Amount exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in

similar instruments or accounts at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

14.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶15 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund.  Upon written request, Defendant will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be timely paid out of the Escrow Account without prior order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Defendant Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses, and shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents, as described herein.

16.     Prior to the Effective Date, Lead Counsel may pay from the Escrow Account actually incurred Notice and Administration Costs without further order of the Court or approval by Defendant.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing, and mailing the Notice and the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members, reviewing Claims and processing submitted Claim Forms, and the reasonable fees, if any, of the Escrow Agent for the Settlement Fund.  In the event that the Effective Date for any reason does not occur, money paid or incurred for this purpose, including any related fees, shall not be returned or repaid to JPM or any other Person that caused payments to be made into the Escrow Account.  All Notice and Administration Costs shall be paid out of the Settlement Amount and in no circumstances shall Defendant be required to pay any amount above the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel, on behalf of Plaintiffs' counsel, will apply to the Court for an award of attorneys' fees to be paid from the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses (which may include Service Awards to Plaintiffs), to be paid from the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and Litigation Expenses is not the subject of any agreement between Defendant and Plaintiffs other than what is set forth in this Stipulation.

18.     Attorneys' fees and expenses of Lead Counsel, and Service Awards, as awarded by the Court, shall be paid from the Escrow Account upon the Court's granting final approval of the Settlement and upon award of such attorneys' fees and expenses by the Court, notwithstanding any objections or appeals of the Settlement or the fee and expense award.  If the Settlement is terminated pursuant to the terms of this Stipulation or, if as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or expenses is reduced or reversed, Lead Counsel shall make the appropriate refund or repayment, along with interest at the same rate of interest earned by the Settlement Fund, in full no later than twenty (20) days after: (a) receiving notice of a termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or expenses becoming Final.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the Action.  All of Plaintiffs' and Plaintiffs' counsel's attorneys' fees and expenses shall be paid out of the Settlement Amount and in no circumstances shall Defendant be required to pay an amount above the Settlement Amount. Defendant shall have no obligation, responsibility or liability with respect to any allocation of attorneys' fees or expenses amongst Plaintiffs' counsel.

19.     The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards).  Any order or proceedings relating to such motion, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Defendant Claims.  The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and Litigation Expenses to be paid out of

the Settlement Fund is not part of the Settlement set forth in this Stipulation and Plaintiffs shall request that attorneys' fees and expenses be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.

## THE PROPOSED PLAN OF ALLOCATION

20.    The Plan of Allocation, appended to the Notice attached hereto as Exhibit A-1, is the plan being proposed by Plaintiffs, subject to Court approval.  Plaintiffs will consult with Defendant in good faith prior to the time the Plan of Allocation is finalized.  In no case shall the Plan of Allocation result in the payment of more than 100% of a Settlement Class Member's alleged damages (inclusive of alleged interest), as calculated by G. William Brown, Jr. in his expert report dated March 5, 2018 (the "Calculated Damages").  To the extent the Plan of Allocation would result in the payment of more than 100% of a Settlement Class Member's Calculated Damages, any amount in excess of 100% of the Calculated Damages (the "Excess Amount") shall be reallocated to other Authorized Recipients.  To the extent all Authorized Recipients have received 100% of their Calculated Damages, any Excess Amount shall be contributed to a nonsectarian charitable organization selected by the Court upon application by the Settling Parties.

21.    The allocation of the Net Settlement Fund among Authorized Recipients is a matter separate and apart from the proposed Settlement between the Settling Parties.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  It is not a condition of the Settlement that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with

respect to the Plan of Allocation or any plan of allocation in the Litigation. There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until a plan of allocation is approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## NOTICE AND SETTLEMENT ADMINISTRATION

22.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of the Claims Administrator. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Defendant and the other Released Defendant Parties shall have no responsibility whatsoever for the selection of the Claims Administrator, the administration of the Settlement or the disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person, including, but not limited to, the Settlement Class Members, in connection with the foregoing.

23.     In accordance with the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form (or the Notice and Validation Letter, substantially in the form attached hereto as Exhibit A-2, in the case of Registered Holder Settlement Class Members) to those members of the Settlement Class who are listed on the records of JPM's transfer agent(s) or are otherwise identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to publish the Summary Notice in accordance with the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.

24.     Specifically, for Settlement Class Members whose contact information and relevant information regarding securities held and dividend/cash payments received is provided

in JPM's transfer agent(s) records (i.e., Registered Holder Settlement Class Members), the Claims Administrator will mail a copy of the Notice, along with the Validation Letter setting forth the Settlement Class Member's information for purposes of calculating their Claim (as provided in JPM's transfer agent(s) records) and requesting confirmation of such information. Notwithstanding the foregoing, a Validation Letter will not be sent to DTC. For Settlement Class Members who are not included on JPM's transfer agent(s) records but rather hold (or held) their eligible securities through a bank, broker or other nominee (i.e., Non-Registered Holder Settlement Class Members), the Claims Administrator will mail a copy of the Notice and Claim Form, and the Non-Registered Holder Settlement Class Members will be required to submit a valid Claim Form in order to be eligible to participate in the Settlement and receive a payment from the Net Settlement Fund. The Claims Administrator will calculate all Claims in accordance with the Plan of Allocation as proposed by Plaintiffs and approved by the Court, or according to such other plan of allocation the Court approves.

25. For purposes of determining the extent, if any, to which a Non-Registered Holder Settlement Class Member shall be entitled to be treated as an Authorized Recipient, the following conditions shall apply:

(a) Each Non-Registered Settlement Holder Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-3, supported by such documents as are designated therein, including proof of the Claimant's dividends/cash distributions received in connection with their holdings in the eligible securities during the relevant time period, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Non-Registered Holder Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Non-Registered Holder Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Parties with respect to any Released Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation approved by the Court the extent, if any, to which each Claim Form shall be allowed, subject to review by the Court pursuant to subparagraph (c) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a

timely fashion and in writing, all Claimants whose Claim Forms the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim Form is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim Form has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim Form cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to their Claim, including, but not limited to, the Releases provided for in the Order and Final Judgment or any Alternative Judgment, and the Claim will be subject to investigation and discovery that shall be limited to that Person's status as a Settlement Class Member and the validity and amount of their Claim.  No discovery shall be allowed on the merits of the Litigation or the Settlement in connection with the processing of Claims.

27.     Any Settlement Class Member who does not submit such documentation as may be required to become an Authorized Recipient will not be entitled to receive a payment from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Order and Final Judgment or the Alternative Judgment (as applicable) and the Releases provided for herein and therein.

28.     Lead Counsel will apply to the Court, with reasonable notice to Defendant, for a Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of Claims; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the conditions set forth in ¶39 below have occurred, directing payment of the Net Settlement Fund to Authorized Recipients.

29.     Payment pursuant to the Distribution Order from the Net Settlement Fund shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment or any Alternative Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties concerning any and all of the Released Claims.

30.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, the Settling Parties shall request that the Court enter the Order and Final Judgment, substantially in the form annexed hereto as Exhibit B, including, among other things, the Releases provided for

herein.  The Settlement is expressly condition upon, among other things, the entry of an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## WAIVER OR TERMINATION

32.     Simultaneously herewith, Plaintiffs, by and through Lead Counsel, and JPM are executing a "Supplemental Agreement" setting forth certain conditions under which JPM may terminate the Settlement if potential Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Settling Parties shall maintain the confidentiality of the Supplemental Agreement as stated therein, and the Supplemental Agreement shall not be filed with the Court, but may be examined in camera, if so requested by the Court (unless otherwise ordered by the Court or required by court rule), provided however, that Defendant may include a redacted copy of the Supplemental Agreement with the notice provided in accordance with CAFA.

33.     Plaintiffs or Defendant shall have the right to terminate the Settlement in its entirety by providing written notice of their election to do so to the other within fourteen (14) calendar days of:  (i) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final refusal to enter the Order and Final Judgment in any material respect; or (iii) the date upon which the Order and Final Judgment or Alternative Judgment is vacated, modified, or reversed in any material respect by a final order of the United States Court of Appeals or the Supreme Court of the United States.  For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting an application for attorney's fees or Litigation Expenses or plan of allocation. Defendant may also terminate the Settlement in its entirety pursuant to ¶32 above.  In the event the Settlement is terminated, the provisions of ¶¶15, 16, 18, 33, 34, 35, 39, 41, and 62 shall survive termination.

34.     Except as otherwise provided herein, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, Plaintiffs and Defendant shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation immediately prior to the execution of the Term Sheet on April 12, 2018, and, except as otherwise expressly provided, Plaintiffs and Defendant shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement.  If the Settlement fails to become effective, all Settling Parties reserve all their rights on all issues, including whether a class should be certified in the Litigation.

35.     Except as otherwise provided herein, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued thereon, less any Notice and Administration Costs paid, incurred or owing and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to JPM (or such other Persons as JPM may direct) within twenty (20) days after joint written notification of termination is sent by Lead Counsel and Defendant's Counsel to the Escrow Agent.

## REQUESTS FOR EXCLUSION

36.     Persons requesting exclusion from the Settlement Class shall be required to provide the following information to the Claim Administrator:  (i) name; (ii) address; (iii) telephone number; (iv) identity (including quantity and dates held) of the securities listed on Appendix 1 or 2 owned by such Person and the dividends/cash payments such Person received per eligible security during the relevant time period; and (v) a statement that the person or entity wishes to be excluded from the Settlement Class.  The request for exclusion shall not be effective

unless it provides the required information and is made within the time stated below, or the request for exclusion is otherwise accepted by the Court.

37.     Unless otherwise ordered by the Court, any Person who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation.  The deadline for submitting requests for exclusion shall be thirty five (35) calendar days prior to the Settlement Hearing.

38.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion to Defendant's Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the submissions in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Defendant's counsel.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of the Settlement shall be the first date by which all of the following shall have occurred:

(a)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶2 above;

(b)     The Settlement Amount has been paid into the Escrow Account in accordance with the provisions of ¶9 above;

(c)     JPM has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶32 above);

(d)      Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure and following the period set forth for notice under the Class Action Fairness Act;

(f)      the Court has entered the Order and Final Judgment, substantially in the form annexed hereto as Exhibit B, or entry of any Alternative Judgment; and

(g)      the Order and Final Judgment or any Alternative Judgment has become Final.

40.      Upon the occurrence of all of the events referenced in ¶39 above, any and all remaining interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

## <u>NO ADMISSION OF WRONGDOING</u>

41.      Except as provided in ¶42 below, this Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to this Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a)      do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any

litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Released Defendant Parties;

(b)      do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Released Defendant Parties, or against Defendant, the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c)      do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Defendant Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)      do not constitute, and shall not be construed against Defendant or the other Released Defendant Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Litigation would not have exceeded the Settlement Amount.

42.     The Released Parties may file or refer to this Stipulation, the Order and Final Judgment or any Alternative Judgment, and/or any Claim Form submitted by a Settlement Class Member to effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Released Parties may file this Stipulation and/or the Order and Final Judgment or any Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Order and Final Judgment or any Alternative Judgment.  All Released Parties submit to the jurisdiction of the Court for purpose of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

43.     The Settling Parties agree that no Settling Party was or is a "prevailing party" in the Litigation.

44.     All of the exhibits attached to this Stipulation, except any Plan of Allocation, to the extent incorporated in those exhibits, are material and integral parts hereof and are fully incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

45.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all of the Settling Parties (or their successors-in-interest).

46.     The Settlement is not subject to confirmatory discovery.

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     Defendant shall be responsible for service of any notice for which they might be responsible pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, including all costs associated with giving such notice.

49.     Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

50.     Defendant warrants that, as to the payments made or to be made by or on behalf of it at the time of entering into this Stipulation and at the time of such payment that it made or caused or will make or cause to be made pursuant to the terms above, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including but not limited to Sections 101 and 547 thereof.  This representation is made by Defendant and not by its counsel.

51.     Plaintiffs shall not request exclusion from the Settlement Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Settlement Class Member to request exclusion from the Settlement Class, or to object to the Settlement.

52.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

53.     Neither this Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of Defendant or the other Released Defendant Parties; or (ii) is

or may be deemed to be or may be used as an admission or evidence of any fault or omission of Defendant or the other Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Stipulation, the Settlement, or the Order and Final Judgment or any Alternative Judgment.

54.     The Settling Parties agree that the terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.  Moreover, the Settlement is intended to be a final and complete resolution of the Settling Parties' disputes in the Litigation.  The Settling Parties further agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure. Accordingly, the Settling Parties agree not to assert any claim under Rule 11, or any similar law, rule, or regulation, that the Litigation was brought or defended in bad faith or without a reasonable basis.

55.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     Plaintiffs and their counsel, and Defendant and its counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendant and its counsel shall not

make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

57.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its exhibits and the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

58.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

59.     The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

60.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Plaintiffs or Defendant, as the case may be.

61.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party may merge, consolidate, or reorganize.

62.     Notices required by this Stipulation shall be submitted, unless otherwise provided, either by any form of overnight mail, e-mail, facsimile, or in person to each of the signatories below.

63.     The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Settling Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and reimbursement of Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

64.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

66.     All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information shall survive this Settlement.

67.     Plaintiffs will not sue or assist any other party to sue JPM concerning foreign exchange in connection with depositary receipts or New York shares.

DATED:  June 12, 2018

**KESSLER TOPAZ MELTZER
& CHECK, LLP**

By: _____
     Sharan Nirmul
     Ethan Barlieb
     Jonathan Neumann
     280 King of Prussia Road

Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
ebarlieb@ktmc.com
jneumann@ktmc.com

*Counsel for Plaintiffs*


**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP**

By: ___Susan Saltzstein___

Susan Saltzstein
Jeffrey Geier
Four Times Square
New York, NY  10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Susan.Saltzstein@skadden.com
Jeffrey.Geier@skadden.com

*Counsel for Defendant*

**APPENDIX 1**

| **ISSUER** | **CUSIP** | **TICKER** |
|---|---|---|
| Banco Santander SA | 05964H105 | SAN |
| Chunghwa Telecom Co., Ltd. | 17133Q502 | CHT |
| CNOOC Ltd. | 126132109 | CEO |
| ENEL SpA | 29265W207 | ENLAY |
| Guangshen Railway | 40065W107 | GSH |
| Nippon Telegraph & Telephone Corp. | 654624105 | NTTYY / NTT |
| Novartis A.G. | 66987V109 | NVS |
| Novo Nordisk A/S | 670100205 | NVO |
| Prudential PLC | 74435K204 | PUK |
| Rio Tinto PLC | 767204100 | RIO |
| Sanofi | 80105N105 | SNY |
| Vale S.A. | 91912E105 | VALE |
| Vale S.A. – Pref | 91912E204 | VALE.P |
| Volkswagen AG – Pre | 928662402 | VLKPY |

**APPENDIX 2**

| ISSURER | CUSIP | TICKER |
|---|---|---|
| Alcatel-Lucent | 013904305 | ALU |
| Allianz SE | 018805101 | AZSEY |
| AMCOR Ltd. | 02341R302 | AMCRY |
| ASML Holding NV | N07059210 | ASML |
| BAE Systems PLC | 05523R107 | BAESY |
| Banco Santander SA | 05964H105 | SAN |
| Banco Santander Chile | 05965X109 | BSAC |
| BNP Paribas | 05565A202 | BNPQY |
| Braskem SA | 105532105 | BAK |
| BT Group PLC | 05577E101 | BT |
| Canon, Inc. | 138006309 | CAJ |
| Carlsberg A/S | 142795202 | CABGY |
| Carnival PLC | 14365C103 | CUK |
| CIA Brasileira De Distribuicao Grupo Pao De Acucar | 20440T201 | CBD |
| Danone | 23636T100 | DANOY |
| Gerdau SA | 373737105 | GGB |
| Honda Motor Co. Ltd. | 438128308 | HMC |
| Iberdrola SA | 450737101 | IBDRY |
| ING Groep NV | 456837103 | ING |
| KB Financial Group Inc. | 48241A105 | KB |
| Kirin Holdings Co. Ltd. | 497350306 | KNBWY |
| Kubota Corp. | 501173207 | KUB /KUBTY |
| Lafarge | 505861401 | LFRGY |
| Nissan Motor Co. Ltd. | 654744408 | NSANY |
| OMV AG | 670875509 | OMVKY |
| Panasonic Corp. | 69832A205 | PCRFY |
| Reckitt Benckiser Group PLC | 756255204 | RBGLY |

| Roche Holding AG / Roche Holding Ltd. | 771195104 | RHHBY |
|---|---|---|
| Rolls-Royce Holdings PLC | 775781206 | RYCEY |
| SABMiller PLC | 78572M105 | SBMYR |
| Sony Corp. | 835699307 | SNE |
| STMicroelectronics NV | 861012102 | STM |
| Swedbank AB | 870195104 | SWDBY |
| Telenor ASA | 87944W105 | TELNY |
| Teva Pharmaceutical Industries Ltd. | 881624209 | TEVA |
| TIM Participações SA | 88706P205 | TSU |
| Tokio Marine Holdings Inc. | 889094108 | TKOMY |
| TOTAL SA | 89151E109 | TOT |
| Valeo SA | 919134304 | VLEEY |
| Volkswagen AG | 928662303 | VLKAY |
| Yara International ASA | 984851204 | YARIY |