USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST AND CHESTER COUNTY EMPLOYEES RETIREMENT FUND, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

CIVIL ACTION NO. 1:15-cv-09188-VEC

## ORDER AND FINAL JUDGMENT

WHEREAS, a class action is pending in this Court captioned *Merryman et al. v. JPMorgan Chase Bank, N.A.*, 15-cv-09188-VEC (S.D.N.Y.) (the "Litigation");

WHEREAS, (a) Benjamin Michael Merryman, Amy Whitaker Merryman Trust, B Merryman and A Merryman 4th Generation Remainder Trust and Chester County Employees Retirement Fund (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), and (b) JPMorgan Chase Bank, N.A. ("Defendant" or "JPM") have determined to settle the Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 12, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Litigation against Defendant on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation and the Notice Modification Order (defined below);

WHEREAS, by Order dated July 18, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) provisionally certified the Settlement Class solely for the purpose of effectuating the Settlement; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, by Order dated March 25, 2019, this Court approved certain modifications to the notice plan and the schedule for approval of the Settlement (the "Notice Modification Order");

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on October 15, 2019 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 12, 2018; and (b) the Notice, the Postcard Notice, banner and search advertisements and the Summary Notice, all of which were filed with the Court on June 20, 2019.

3. **Certification of the Settlement Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Litigation as a class action on behalf of a Settlement Class defined as all Persons or entities who are or were holders (directly or indirectly, registered or beneficially) of or otherwise claim any entitlement to any payment (whether a dividend, rights offering, interest on capital, sale of shares or other distribution) in connection with (1) the securities listed in Appendix 1 to the Stipulation (including any predecessor or successor securities) from November 21, 2010 to July 18, 2018, inclusive; or (2) the securities listed in Appendix 2 to the Stipulation (including any predecessor or successor securities) from November 21, 2012 to July 18, 2018, inclusive (the "Settlement Class").[1] JPM and its officers, directors, legal representatives, heirs, successors, corporate parents, subsidiaries, and/or assigns, other than Investment Vehicles (which

---

[1] The Merryman Plaintiffs (in each case, on behalf of himself or itself, as well as any trusts or entities he or it controls) represent that all depositary receipts for which JPM served as a depositary that they owned between November 21, 2010, and the present are listed in Appendix 1 to the Stipulation. Chester County Employees Retirement Fund represents that all depositary receipts for which JPM served as a depositary that it owned between November 21, 2012, and the present are listed in Appendix 2 to the Stipulation.

are not excluded), are excluded from the Settlement Class only to the extent that such Persons or entities had a proprietary (i.e., for their own account) interest in the securities listed in Appendix 1 or 2 to the Stipulation and not to the extent that they have held the securities in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust or employee benefit plan that otherwise falls within the definition of the Settlement Class. Also excluded from the Settlement Class are any Persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court, as listed on the attached Exhibit 1.

4. Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the notice of the Settlement to all banks, brokerage firms and nominees that were in the proprietary nominee database of Plaintiffs' Claims Administrator,[2] the posting of the Notice on the website for the Settlement, the publication of the Summary Notice and the service of the banner ads: (a) were implemented in accordance with the Preliminary Approval Order and the Notice Modification Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) their right to exclude themselves from the Settlement Class;

---

[2] The notice from the Claims Administrator notified the banks, brokers and other nominees of the Settlement and asked them either to provide names and addresses of Non-Registered Holder Settlement Class Members to the Claims Administrator or to request copies of the notice package to send to their customers.

4

(iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Plaintiffs); (v) their right to object to any aspect of the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Litigation, have been satisfied.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Litigation is hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Defendant, Plaintiffs and all Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund or objected to the Settlement), as well as their respective successors and assigns. The Persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order and Final Judgment.

10. **Releases** – The Releases set forth in ¶¶ 6 and 7 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Plaintiffs and each Settlement Class Member, on behalf of themselves and each of their respective present and former affiliates, parents, subsidiaries, officers, directors, employees, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts or holdings of personal or family assets, estates, heirs, executors, administrators, members, managers, owners, beneficiaries, custodians, representatives, devisees, legatees, Immediate Family members, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees and attorneys and any Person legally entitled to bring Released Claims on behalf of each of them, in their capacities as such, any Person(s) they represent in connection with the Litigation or in connection with the purchase or sale of any of the securities listed in Appendix 1 or 2 to the Stipulation, and any Person(s) who claim through or on behalf of them, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall

6

have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against any of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.  All Settlement Class Members shall be bound by the terms of the Releases set forth in the Stipulation whether they obtain a recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

(b) Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11 below, upon the Effective Date of the Settlement, Defendant, on behalf of itself and any other Person legally entitled to bring Released Defendant Claims on behalf of Defendant, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Released Plaintiff Parties.

11. Notwithstanding ¶ 10(a) – (b) above, nothing in this Order and Final Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

13. **No Admissions** – Except as set forth in the Stipulation and in ¶ 14 below, neither this Order and Final Judgment or the Stipulation (whether consummated), nor any negotiations,

proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendant or the Released Defendant Parties;

(b) do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendant or the Released Defendant Parties, or against Defendant, the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c) do not constitute, and shall not be offered or received against Defendant or the other Released Defendant Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendant or the Defendant Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendant or the other Released Defendant Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Litigation would not have exceeded the Settlement Amount.

14. The Released Parties, however, may file or refer to the Stipulation, this Order and Final Judgment, or any Claim submitted by a Settlement Class Member to effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Released Parties may file the Stipulation or this Order and Final Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Order and Final Judgment. All Released Parties submit to the jurisdiction of the Court for purpose of implementing and enforcing the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees or Litigation Expenses by Lead Counsel in the Litigation that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve distribution of

the Net Settlement Fund to Authorized Recipients; and (f) the Settlement Class Members for all matters relating to the Litigation.

16. Separate orders shall be entered regarding approval of a plan of allocation and resolving the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Plaintiffs, Settlement Class Members and Defendant, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation immediately prior to the execution of the Term Sheet on April 12, 2018, as provided in the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid,

incurred or owing and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to JPM (or such other Persons as JPM may direct) in accordance with the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __22__ day of __November__, 2019.

_____
The Honorable Valerie Caproni
United States District Judge

# Exhibit 1

## List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

1. Dian M. & Louis C. Acruman II
   Texarkana, TX

2. Edward S. & Margaret V. Ames TR
   Ames Family Trust B 12/15/1995
   Lafayette, CO

3. Robert E. & Diane S. Anderson
   Pella, IA

4. Clarice D. Black TR
   UA Clarice D. Black Trust
   1/27/1997
   New Orleans, LA

5. Lahoma J. Blankenship, Estate of
   Columbus, OH

6. John W. Butler
   White Post, VA

7. William H. Cantrell
   Moodus, CT

8. Severino Centritto
   Toronto, ON Canada

9. Catholic Ladies Relief Society No. 1
   Sacramento, CA

10. Stacy Touchstone Chatham
    Saucier, MS

11. Norbert & Loretta Chmielarczyk TR
    UA 4/27/2011
    The Norbert & Loretta Chmielarczyk
    Living Trust
    Warren, MI

12. E. Juanita Clark
    Live Oak, FL

13. Winifred G. & Louis F. Clements TR
    UA Winifred G. Clements Trust
    11/20/1987
    Louisville, KY

14. William J. Connelly
    Dumont, NJ

15. Patricia C. & William D. Cook
    Shokan, NY

16. Beverly Jean Cooper
    Waller, TX

17. Judy H. & James A. Curtis
    Briggsdale, CO

18. James A. Davenport
    Midlothian, VA

19. Elizabeth M. Derco, Estate of
    New Brunswick, NJ

20. Carlos J. & Mary P. Dobbins
    Beckley, WV

21. Susan L. East
    Pasadena, TX

22. Janet Edwards
    Skoghall, Sweden

23. Carole B. Embry
    Atlanta, GA

24. John & Judith Fischer
    Medford, NY

25. Erin Colleen Flanagan
    East Dennis, MA

26. James A. Flanagan
    East Dennis, MA

27. Zelda Geller
    Manasquan, NJ

28. Bruce J. & Joyce F. Genrich
    Marinette, WI

29. Edward J. & Mary L. Hadnagy
    Jim Thorpe, PA

30. Cecil E. & Pattie H. Hearn
    Henderson, TN

31. Colette E. Hensley
    Cosby, TN

32. Theodore R. Hoch
    Bellville, TX

33. Damon Isaacson
    Tacoma, WA

34. Constance L. & Richard A. Johnson
    Port Republic, NJ

35. Dorothy Jongens
    Steenbergen, Netherlands

36. Neil Kandel
    Livermore, CA

37. Nerses N. Kazanjian
    Middletown, NJ

38. Nancy L. Knode
    Harrisburg, PA

39. Paul S. Kring
    Pointblank, TX

40. Ingeborg Kuhaneck
    Tonawanda, NY

41. Cynthia J. & Jayne T. Lehr
    Tequesta, FL

42. Roy L. Lemieux
    Newmarket, NH

43. Mildred G. Lightfoot & Sharon Lee
    Bohlken TR UA 7/18/2002
    Mildred G. Lightfoot Revocable
    Living Trust
    Harrisonville, MO

44. Larry G. Littrel
    Atlanta, GA

45. Carol Sidney Low
    Vestavia Hills, AL

46. Marvin R. Mauel, Estate of
    Beloit, WI

47. Maureen E. McCafferty
    Trenton, NJ

48. Karen McGovern
    Cedar Grove, NJ

49. Martha R. & Robert F. McKnight
    South Fulton, TN

50. Maria Morganto
    Ocoee, FL

51. Elizabeth M. Nowak & Judith Diane
    Forsythe TR UA
    Elizabeth M. Nowak Living Trust
    10/31/2000
    North Canton, OH

52. Mary F. Olsen, Estate of
    Vancouver, WA

53. Brian R. & Catherine N. Pabst
    Baldwin, MD

54. Mary McPartland
    Rockwall, TX

55. James F. Phillips Jr.
    Smackover, AR

56. Jim Phillips
    Smackover, AR

57. Catherine Poon
    San Rafael, CA

58. Cheryl A. Quinn
    Evelyn May Quinn Revocable
    Living Trust 10/15/2008
    Las Vegas, NV

59. James P. & Ivy L. Rhodes TR
    UA Rhodes Revocable Living Trust
    4/06/1994
    Lincoln, CA

60. Olive Chamberlain Riggs, Estate of
    Newton, NJ

61. Virginia A. Salmon
    Bloomfield, NJ

62. Joyce Samra
    Paddington NSW, Australia

63. Joan Y. Scott
    Hudson, FL

64. John Skowronek
    Phoenix, AZ

65. Smackover Resources
    James F. Phillips, Jr.
    Smackover, AR

66. Herbert J. & Carol J. Smith
    Fort Collins, CO

67. Doris C. Strebel
    Ballston Spa, NY

68. Linda Sweet
    North Chesterfield, VA

69. John J. Tulko
    Parlin, NJ

70. Clifford L. & Anna R. Umbarger
    El Dorado, KS

71. James W. & Ruth E. Wainwright TR
    UA Wainwright Trust 08/27/1990
    St. Louis, MO

72. John Charles Watson
    Parkersburg, WV

73. Margaret S. & Harry T. Wenker
    Lock Haven, PA

74. Daniel W. & Heide I. Woytanis
    Etters, PA

75. Edward J. & Deborah K. Zielinski
    Romulus, MI

76. James E. & Carolyn S. Kruger
    Spokane, WA

77. Kenneth W. & Charlotte L. Ikenberry
    Lawrence, KS

78. Alice B. Montagnoli
    Mullica Hill, NJ

79. Diane R. Duitsman
    Forreston, IL

80. Linda A. Rogers
    Albuquerque, NM