USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN MICHAEL MERRYMAN, AMY WHITAKER MERRYMAN TRUST, B MERRYMAN AND A MERRYMAN 4TH GENERATION REMAINDER TRUST AND CHESTER COUNTY EMPLOYEES RETIREMENT FUND, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | CIVIL ACTION NO. 1:15-cv-09188-VEC |

## ORDER APPROVING PLAN OF ALLOCATION
## OF NET SETTLEMENT FUND

WHEREAS, this matter came on for hearing on October 15, 2019 (the "Final Approval Hearing") on Plaintiffs' motion to determine whether the proposed plan of allocation of the Net Settlement Fund (the "Plan of Allocation") created by the Settlement achieved in the above-captioned class action (the "Litigation") should be approved. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the forms approved by the Court was provided to the Settlement Class as directed, including: mailed notice to the Registered Holder Settlement Class Members listed on the records of JPMorgan Chase Bank, N.A.'s transfer agent; notice to the banks, brokerage firms and nominees that were in the proprietary nominee database of Plaintiffs'

Claims Administrator, Kurzman Carson Consultants, LLC ("KCC"), which instructed the recipients to provide notice to Non-Registered Holders[1]; and an extensive multi-media notice campaign consisting of targeted advertising to certain potential Settlement Class Members using Internet Protocol address matching, publications in various magazines, newspapers, and investment e-newsletters, as well as banner ads served over a variety of business, news, and investment websites and across social media platforms; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 12, 2018 (ECF No. 99) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** –The Court has jurisdiction to enter this Order and over the subject matter of the Litigation, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Notice** – Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to Settlement Class Members, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to Settlement Class Members to be heard with respect to the Plan of Allocation.

3. Over 728,000 Postcard Notices were mailed to Registered Holder Settlement Class Members. The Non-Registered Holder Settlement Class Members were notified in two ways:

---

[1] The notice from KCC notified the banks, brokers and other nominees either to provide names and addresses of Non-Registered Holder Settlement Class Members to KCC or to request copies of the notice package to send to their customers.

KCC provided notice to the banks, brokerage firms and nominees in its proprietary nominee database as described in note 1, *supra*;[2] and an extensive multi-media notice campaign was used.[3] There are no objections to the Plan of Allocation.

4. **Approval of Plan of Allocation** – The Court hereby finds and concludes that the formula for the calculation of claims as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

5. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Plaintiffs.

6. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any plan of allocation of the Net Settlement Fund shall in no way disturb or affect the finality of the Order and Final Judgment.

---

[2] Class Counsel represented that as of September 27, 2019, KCC had received preliminary Recognized claims for 433,561 Non-Registered Holder Settlement Class Members. Nirmul Ltr., Dkt. 131 at 2. The dollar amount of those claims approach 100% of the expected claims from Non-Registered Holders of the relevant ADRs based on data from JPMorgan Chase's transfer agent. While some of those claims could be disallowed, that data point nevertheless gives the Court confidence that the combination of methods used to notify the Non-Registered Holder Settlement Class Members was largely effective at notifying that segment of the Class of the Settlement.

[3] As approved by the Court, a multi-media campaign was also used to notify Non-Registered Holder Settlement Class Members of the class settlement. As indicated in note 2, *supra*, the Court is confident that adequate notice has been given to the Class given the statistics regarding the number of claims that have been received. That said, the Court is not sanguine that the multi-media campaign contributed appreciably to providing adequate notice to the class. According to Class Counsel, the website regarding this settlement that was advertised via the multi-media campaign was visited by less than 43,000 unique visitors, which is less than 10% of the number of claims submitted by Non-Registered Holder Settlement Class Members. Nirmul Ltr., Dkt. 131 at 2 . Further, the tab on the website through which a claim form could be accessed was visited a mere 4,428 times. *Id*. While the Court does not question the wisdom of pursuing the multi-media campaign in lieu of mailing claims packages to every identified Non-Registered Holder Settlement Class Member whose name and address was known to the Plaintiffs, the evidence seems to demonstrate that the overwhelming majority of Non-Registered Holders learned of the settlement through their bank or brokerage firm and not as a result of the advertising campaign.

7. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8. **Entry of Order** – There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 22 day of November, 2019.

_____
The Honorable Valerie Caproni
United States District Judge